UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>UNITED STATES MAGISTRATE JUDGE | 6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593 |

February 14, 2022

LETTER TO COUNSEL:

   RE: *Kellye S. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
      Civil No. TJS-20-3637

Dear Counsel:

  On December 17, 2020, Plaintiff Kellye S. petitioned this Court to review the Social Security Administration's final decision to deny her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 14 & 16. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

  Kellye S. filed her applications for DIB and SSI on July 7, 2015. Tr. 143. She alleged a disability onset date of May 27, 2015. *Id.* Her applications were denied initially and upon reconsideration. *Id.* Kellye S. requested an administrative hearing, and a hearing was held on January 25, 2018, before an Administrative Law Judge ("ALJ"). Tr. 30-72. In a written decision dated April 17, 2018, the ALJ found that Kellye S. was not disabled under the Social Security Act. Tr. 140-57. The Appeals Council granted Kellye S.'s request for review, vacated the ALJ's decision, and remanded on December 11, 2019. Tr. 158-62. Another ALJ held a supplemental hearing on April 30, 2020. Tr. 73-89. In a written decision dated June 8, 2020, the ALJ found that Kellye S. was not disabled under the Social Security Act. Tr. 9-29. The Appeals Council denied Kellye S.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

  The ALJ evaluated Kellye S.'s claims for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. At step one, the ALJ found that Kellye S. had not engaged in substantial gainful activity since May 27, 2015, the alleged onset date. Tr. 14-15. At step two, the ALJ found that Kellye S. suffered from the following severe impairments:

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On January 31, 2022, it was reassigned to me.

a mental impairment variously diagnosed as major depressive disorder with psychotic symptoms, anxiety disorder, persistent depressive disorder (dysthymic with psychotic features), intermittent explosive disorder, PTSD, and persistent mood disorder. Tr. 15-16. At step three, the ALJ found Kellye S.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 17-18. The ALJ determined that Kellye S. retained the residual functional capacity ("RFC")

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: provided such work does not require performing more than detailed but not complex tasks in a low stress work environment, defined as requiring only occasional decision making and occasional changes in the work setting, where there would only be occasional contact with co-workers and supervisors and no contact with the general public, and which would not require a fast pace or production quotas such as would customarily be found on an assembly line.

Tr. 18.

At step four, the ALJ determined that Kellye S. was unable to perform past relevant work. Tr. 22. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Kellye S. can perform, including "laundry worker II"; "general laborer"; "machine feeder"; "inspector, hand packager"; "small-parts assembler"; and "shipping and receiving weigher." Tr. 23-24. The ALJ thus found that Kellye S. was not disabled under the Social Security Act. Tr. 24.

Kellye S. argues that this case must be remanded for further proceedings because (1) the ALJ misinterpreted the evidence; (2) the ALJ did not explain how, despite her moderate limitation in concentrating, persisting, or maintaining pace, she would be able to remain on task for 90% of an eight-hour workday; (3) the ALJ did not account for her moderate limitation in concentrating, persisting, or maintaining pace in the RFC assessment; and (4) the ALJ's mental-impairment limitations are ambiguous. ECF No. 14-1 at 3-11. For the reasons discussed below, however, these arguments are without merit.

Kellye S. first argues that substantial evidence does not support the ALJ's RFC assessment because the ALJ misread medical evidence cited in support of it. ECF No. 14-1 at 6. As Kellye S. points out, the ALJ did err in finding that her examination in November 2019 revealed that she could follow three-stage commands, when in fact the examination indicated that she could not. Tr. 20-21, 559. According to the *Dictionary of Occupational Titles* ("DOT"), however, the job of machine feeder identified by the VE (Tr. 23, 85) involves a reasoning level of one, which refers to the skills to "[a]pply commonsense understanding to carry out simple *one- or two-step instructions*." DOT 699.686-010, 1991 WL 678871 (emphasis added). The Court "may affirm the ALJ's decision even if the ALJ made an error, so long as the error was harmless, meaning it was 'inconsequential to the ultimate nondisability determination.'" *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). Because the ALJ's failure to recognize Kellye S.'s inability to follow three-stage commands does not change

the ALJ's finding at step five, the error is harmless and does not require remand.

Kellye S. next contends that, contrary to the Fourth Circuit's decision in *Mascio*, 780 F.3d at 638, the ALJ's RFC determination does not account for her moderate limitations in concentrating, persisting, or maintaining pace that the ALJ found as part of the step three analysis (Tr. 17-18). ECF No. 14-1 at 7-9. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* When an ALJ finds that a claimant has limitations in concentration, persistence, or pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.* The Fourth Circuit, however, "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). Rather, when "medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* (quoting *Winschel*, 631 F.3d at 1180).

The Court finds that the RFC assessment in this case limiting Kellye S. to work that, among other things, "would not require a fast pace or production quotas such as would customarily be found on an assembly line" (Tr. 18) complies with *Mascio* and accounts for her moderate limitation in concentrating, persisting, or maintaining pace. *See Robert H. v. Kijakazi*, Civil No. TJS-20-2670, 2021 WL 6135564, at *2 (D. Md. Dec. 29, 2021) (determining that RFC assessment limiting claimant to work that, *inter alia*, "would not require a fast pace or production quotas such as would customarily be found on an assembly line" accounted for claimant's limitations in concentration, persistence, and pace); *Kenneth L. v. Kijakazi*, Civil No. SAG-20-624, 2021 WL 4198408, at *1-2 (D. Md. Sept. 15, 2021) (Gallagher, J.) (determining that RFC assessment limiting claimant to work environment with "no strict production quotas" satisfied *Mascio*). Kellye S. further argues to no avail that the RFC assessment "is unclear as to whether the qualifier 'such as would customarily be found on an assembly line' modifies both the terms 'fast pace' *and* 'production quotas,' or *only* the term 'production quotas.'" ECF No. 14-1 at 9. Rather, the Court "finds that the ALJ defined 'fast pace or production quotas' when [the ALJ] stated, "such as would customarily be found working on an assembly line." *Berrett v. Saul*, No. 1:19-cv-00801 (TSE/IDD), 2020 WL 4589733, at *5 (E.D. Va. July 23, 2020), *report and recommendation adopted*, No. 1:19CV00801, 2020 WL 4589035 (E.D. Va. Aug. 10, 2020). Remand is thus not warranted for these reasons as well.

Kellye S. finally maintains that the ALJ failed to explain how, despite her moderate limitation in concentrating, persisting, or maintaining pace, she would be productive or remain on task for 90% of an eight-workday. ECF No. 14-1 at 6-7. The VE testified that a person could be up to 10% off task daily and remain competitively employable. Tr. 86. The ALJ, however, did not ultimately include such a limitation in Kellye S.'s RFC. "Indeed, the 'ALJ is not required to accept the vocational expert's opinion for a hypothetical based on limitations that the ALJ did not include in the [residual functional capacity].'" *Brian S. v. Saul*, No. 3:20CV065 (JAG), 2021 WL 748087,

at *13 (E.D. Va. Feb. 10, 2021) (alteration in original) (quoting *Prim v. Colvin*, No. 7:14CV00135, 2015 WL 4757104, at *4 (W.D. Va. Aug. 11, 2015)), *report and recommendation adopted*, No. 3:20CV65, 2021 WL 744149 (E.D. Va. Feb. 25, 2021); *see Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Instead, the ALJ found that Kellye S. could perform work that "would not require a fast pace or production quotas such as would customarily be found on an assembly line" (Tr. 18), which, as explained above, accounts for her moderate limitation in concentrating, persisting, or maintaining pace. "Accordingly, the ALJ did not err by failing to explain how [Kellye S.] possessed the ability to concentrate, persist, and maintain pace throughout an eight-hour workday with only a [ten] percent loss of productivity, because the ALJ did not make such a finding." *Brian S.*, 2021 WL 748087, at *13.

In short, the Court's review is confined to whether substantial evidence supports the ALJ's decision and whether the correct legal standards were applied. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The Court is not permitted to reweigh the evidence, even if the Court believes the ALJ could have reached a different conclusion. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ's decision complies with the governing legal standards and is supported by substantial evidence. The Court thus affirms the Acting Commissioner's final decision.

For the reasons set forth above, Kellye S.'s Motion for Summary Judgment (ECF No. 14) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 16) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                    Sincerely yours,

                    /s/
                    Timothy J. Sullivan
                    United States Magistrate Judge